UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KEVIN SCOTT CAMPBELL                                                CIVIL ACTION

v.                                                                  NO. 14-2218

OFFSHORE LIFTBOATS, LLC, ET AL.                                     SECTION "F"

ORDER AND REASONS

    Before the Court is Gulf Horizon's motion for partial summary judgment to dismiss Campbell's claim for punitive damages related to maintenance and cure. For the reasons that follow, the motion is GRANTED.

Background

    This litigation arises out of personal injuries sustained by Scott Campbell while he was a cook aboard a docking vessel.

    Gulf Horizon Services, LLC assigns, as part of its business, current employees to other companies for both sea- and land-based jobs upon request. Before the incident on July 24, 2014, Campbell was a Gulf Horizon employee, assigned to work as a cook on a vessel owned and operated by Offshore Liftboats. On July 24, 2014, Campbell was aboard the vessel while it was deployed, and when the Offshore Liftboats' captain maneuvered the vessel into the dock, it collided with the dock, causing Campbell to sustain injuries when he fell into a wall.

    Gulf Horizon contends that a Gulf Horizon director, Will

1

Constant, made arrangements to have Campbell transported to Occupational Medicine Services (OMS) in response to the incident, and that OMS diagnosed Campbell with a lower back contusion, directed Campbell to take Aleve and apply ice, and released Campbell to full duty.[1]  Gulf Horizon contends that Campbell told Constant that he wished to return to work, but that during the days following, Campbell continued to complain of stiffness and pain. Gulf Horizon also avers that Constant offered additional treatment from OMS, but that Campbell refused to use OMS for any further procedures or treatment options.

Gulf Horizon submits that Constant followed up with Campbell, but that his phone calls went unanswered.  Campbell never returned to work.  On August, 22, 2014, Gulf Horizon received a letter from Ryan Zehl, an attorney, threatening punitive damages for Gulf Horizon's failure to pay Campbell maintenance and cure for his medical treatment.  Gulf Horizon notes that this was the first time that it was put on notice that Campbell did not intend to return to work and that he demanded maintenance and cure.

Gulf Horizon contends that on August 25, 2014, it began investigating whether it owed Campbell maintenance and cure, and if so, the reasonable local rate.  Gulf Horizon maintains that, to date, it has not received any medical reports other than the one

---

[1] Campbell counters that he has not been seen by any defendant-appointed physicians.

from OMS.

On September 8, 2014, ten business days from beginning the investigation, Gulf Horizon issued maintenance pay "under protest" at the rate of $35 per day.  Gulf Horizon contends that it has compensated Campbell each day since July 25, 2014, the day after the accident.

On September 25, 2014, Campbell filed this lawsuit, and on November 11, 2014, he amended his complaint.  Campbell claims that he is entitled to relief from his employers, Offshore Liftboats and Gulf Horizons, under the Jones Act and general maritime law for general maritime negligence, unseaworthiness, punitive damages, and for maintenance and cure because he suffered severe spine injuries in the dock collision.  Defendant, Gulf Horizon, now seeks to have Campbell's claim for punitive damages related to maintenance and cure dismissed on summary judgment.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury

could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

A.

"Maintenance and cure is an ancient duty imposed on a shipowner to provide for a seaman who becomes ill or injured during

his service to the ship." Silmon v. Can Do II, Inc., 89 F.3d 240, 242 (5th Cir. 1996). This duty is implied in maritime employment contracts and exists regardless of whether the shipowner was at fault or the vessel unseaworthy. O'Donnell v. Great Lakes Dredge & Dock Co., 318 U.S. 36, 41-42 (1943); Guevara v. Maritime Overseas Corp., 59 F.3d 1496, 1499 (5th Cir. 1995), *abrogated on other grounds by* Atlantic Sounding Co., Inc. v. Townsend, 129 S.Ct. 2561 (2009). "Maintenance" is the right of a seaman to food and lodging if he becomes injured while performing his duties to the ship. Guevara, 59 F.3d at 1499. "Cure" is the right to necessary medical services. Id.[2]

The Court is not called upon at this time to determine whether Campbell is entitled to maintenance and cure for the July 24 incident. Instead, Gulf Horizon seeks a ruling that it cannot be liable as a matter of law for punitive damages related to the payment of maintenance and cure. A seaman is entitled to seek punitive damages for his employer's alleged willful and wanton disregard of its maintenance and cure obligation. Atlantic Sounding, 129 S.Ct. at 2575. The Fifth Circuit explained:

---

[2] Before recovering maintenance and cure, the seaman bears the burden of establishing: (1) his engagement as a seaman; (2) that his illness or injury occurred, was aggravated or manifested itself while in the ship's service; (3) the wages to which he may be entitled; and (4) the expenditures or liability incurred by him for medicine, nursing care, board and lodging. Harrison v. Diamond Offshore Drilling, Inc., C.A. No. 07-417, 2008 WL 70876, at *14 (E.D. La. Mar. 6, 2008)(Vance, J.)(citation omitted).

> [T]here is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure.  If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages.  If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees as well.

Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987), *abrogated on other grounds by* Guevara, 59 F.3d 1496, *abrogated on other grounds by* Atlantic Sounding, 129 S.Ct. 2561 (2009).  A failure to pay maintenance and cure is reasonable "if a diligent investigation indicates that the seaman's claim is not legitimate or if the seaman does not submit medical reports to document his claim."  Morales, 829 F.2d at 1360.[3]

### B.

Gulf Horizon seeks to dismiss Campbell's claim for punitive damages related to maintenance and cure for the July 24 injury.

---

[3] By way of comparison, the court in Morales also explained:

> Courts have found . . . egregious conduct [in arbitrarily failing to pay] when the shipowner failed to conduct any investigation into the seaman's claim, withheld payments despite discovering through an investigation that the payments were due, rejected a documented claim because the seaman did not consult the owner before seeking treatment for his injury and because the seaman filed suit, or withheld payments on a pretextual basis or because the seaman rejected a settlement offer.

Id. at 1360-61 (internal citations omitted).

Gulf Horizon points out that after the injury, Campbell was cleared to return to full duty, and even acknowledged that he was feeling better and could not wait to return to work.  After receiving Ryan Zehl's letter, Gulf Horizon initiated an investigation of Campbell's claims and started paying maintenance and cure within ten business days, despite not having been provided any evidence corroborating his injuries or expenses.  Gulf Horizon correctly maintains that the law provides time for investigation and, further, that the amount of maintenance and cure paid is reasonable in the applicable locale under Fifth Circuit case law.  Thus, it is urged, Gulf Horizon's conduct was reasonable, and certainly does not rise to the level of willful, arbitrary or callous behavior required for a punitive damages award.

Campbell responds that fact issues as to whether Gulf Horizon is willfully and wantonly paying a capriciously low maintenance rate and whether Gulf Horizon failed to conduct a proper investigation preclude summary judgment.  Further, Campbell claims that because he has not reached maximum medical improvement, more medical bills are expected, and because it is unclear whether the defendant will honor its obligation to pay for the treatment, summary judgment is likewise premature.

The undisputed facts[4] in the record simply do not demonstrate

---

[4] The Court recognizes that every reasonable inference from the evidence must be resolved in favor of the non-moving party.  Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th

willful, arbitrary or callous conduct that entitles one to punitive damages. After receipt of Campbell's maintenance and cure demand, Gulf Horizon began an investigation into his work history and the applicable law to determine, first, whether Campbell was a seaman under the Jones Act entitled to such payments, and second, the appropriate rate of compensation without proof of Campbell's incurred food, lodging or medical expenses. See Morales, 829 F.2d at 1358, 1360 ("Upon receiving a claim for maintenance and cure, the shipowner need not immediately commence payments; he is entitled to investigate and require corroboration of the claim."). Gulf Horizon instituted payments to Campbell within ten business days. The Court finds this to be a reasonable time period to conduct a diligent investigation of the legitimacy of his claim. Moreover, Gulf Horizon has no obligation to inquire about Campbell's actual expenses, and especially having not been provided proof of such, its payment to Campbell of $35 per day is reasonable in light of Fifth Circuit case law. See Yelverton v. Mobil Labs.,

---

Cir. 2000). Campbell, however, has not contested Gulf Horizon's allegation that he has failed to provide corroborating evidence of medical and living expenses for purposes of calculating maintenance and cure awards. Campbell avers, rather, that more time should be permitted for discovery to determine reasonable rates. Had Campbell possessed evidence showing that it furnished to Gulf Horizon proof of his incurred expenses, the Court expects that it would have been argued and produced in his memorandum in opposition. Because it is not, the Court is not persuaded on this record that a material issue of fact exists. The same reasoning applies to Gulf Horizon's allegation that its investigation lasted ten days, and that it has been making regular payments to Campbell of $35 per day, which have been accepted.

Inc., 782 F.2d 555, 558 (5th Cir. 1986) (finding that the burden is on the plaintiff to produce evidence of his costs and that it is common for courts to award a standard *per diem*); Owens v. Abdon Callais Offshore, LLC., No. 10-3296, 2011 WL 2443687, at *7 (E.D. La. June 14, 2011) (Vance, J.) ("Courts in the Fifth Circuit have approved rates ranging from $30 to $40 per day."); Nelton v. Cenac Towing, Co., No. 10-373, 2011 WL 289040, at *22 (E.D. La. Jan. 25, 2011) (Fallon, J.) (finding $35 per day to be a reasonable rate); Mier v. Wood Towing, LLC., No. 08-4299, 2010 WL 2195700, at *6 (E.D. La. May 28, 2010) (Lemmon, J.) (finding $40 per day to be reasonable). Campbell has failed to raise a material issue of fact related to Gulf Horizon's payment rate, investigative process, and general conduct surrounding maintenance and cure. Gulf Horizon's behavior is far from the egregious, arbitrary and capricious behavior delineated in Morales.

Campbell also fails to provide support for his punitive damages claim based on his that the defendant might, in bad faith, terminate the maintenance and cure payments before he reaches maximum medical improvement. Certainly, a seaman is entitled to seek punitive damage for his employer's alleged willful and wanton disregard of its maintenance and cure obligation. Atlantic Sounding, 129 S.Ct. at 2575. But Campbell is not entitled to recover for arbitrary conduct that he speculates, without more, may or may not occur in the future. Thomas v. EMC Mortg. Corp., 499

F.App'x 337, 342 (5th Cir. 2012) ("A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact.") (citations omitted).

Accordingly, IT IS ORDERED: that Gulf Horizon's motion for partial summary judgment to dismiss Campbell's claim for punitive damages is hereby GRANTED.

New Orleans, Louisiana, March 20, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE